## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

JOHNNY JOHNSON                                    CIVIL ACTION

VERSUS                                            CASE NO. 16-3448

PETSMART, INC., et al.                            SECTION: "G"(1)

## <u>ORDER</u>

Before the Court is Plaintiff Johnny Johnson's ("Plaintiff") "Motion to Remand and for Costs and Attorney's Fees."[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motion and remand this case to the Civil District Court for the Parish of Orleans, State of Louisiana.

## <u>I. Background</u>

### A.    *Factual Background*

According to the petition, on May 3, 2015, Plaintiff slipped on a puddle and fell in a PetSmart store in Orleans Parish.[2] Plaintiff alleges that he sustained injuries to his "neck, back, head, and other parts of his body" as a result of the fall.[3] Plaintiff further alleges that Defendant PetSmart, Inc. ("Defendant") was negligent in failing to maintain safe premises and failing to warn customers of hazardous conditions.[4] Plaintiff claims that as a result of the accident, he sustained

---

[1]  Rec. Doc. 8.

[2]  Rec. Doc. 1-1 at 4.

[3]  *Id.*

[4]  *Id.* Plaintiff also names "John Doe," an unknown PetSmart employee who Plaintiff alleges spilled water on the floor while retrieving fish from a tank, as a fictitious defendant.

1

"general and special damages, including but not limited to damages for pain and suffering, mental anguish, and loss of enjoyment of life, and medical expenses."[5]

**B.      *Procedural Background***

Plaintiff filed the petition in this matter on March 14, 2016, in the Civil District Court for Orleans Parish.[6]  On April 19, 2016, Defendant filed a notice of removal.[7]  On April 21, 2016, the Court ordered Defendant to submit additional briefing regarding the amount in controversy,[8] which Defendant filed on May 4, 2016.[9]  On May 4, 2016, Plaintiff also filed the instant motion to remand.[10]  Defendant filed an opposition on May 27, 2016.[11]  On November 17, 2016, with leave of Court, Defendant filed a supplemental memorandum in opposition to the motion.[12]

## II. Parties' Arguments

**A.      *Defendant's Notice of Removal***

In its Notice of Removal, Defendant asserts that on April 4, 2016, it first received notice that this matter had been filed in state court, and timely removed it to this Court on April 19, 2016.[13] Defendant contends that jurisdiction exists under 28 U.S.C. § 1332, because there is

---

[5] *Id.*

[6] *Id.* at 1.

[7] Rec. Doc. 1.

[8] Rec. Doc. 5.

[9] Rec. Doc. 6.

[10] Rec. Doc. 8.

[11] Rec. Doc. 11.

[12] Rec. Doc. 20.

[13] Rec. Doc. 1 at 1.

complete diversity of citizenship and the amount in controversy exceeds $75,000.[14] Defendant alleges that Plaintiff is a citizen of Louisiana and Defendant is a Deleware corporation with its principal place of business in Arizona; thus, Defendant avers that there is diversity of citizenship.[15] Defendant notes that John Doe, a factiously named Defendant, was not properly joined in the action and that his citizenship is to be disregarded for determining complete diversity of citizenship.[16]

Defendant further states that the jurisdictional amount in controversy is met.[17] Defendant represents that Plaintiff alleges that he slipped "in a water accumulation" at a PetSmart store and suffered injuries to his "neck, back, head, and other parts of his body."[18] Defendant argues that Plaintiff failed to include an allegation to establish the lack of federal jurisdiction in his original petition and that there is a presumption of finding that the amount in controversy is met as a result.[19] Thus, Defendant argues that the amount in controversy exceeds $75,000, and removal is proper.[20]

**B.**    ***Defendant's Supplemental Memorandum on the Amount in Controversy***

In its supplemental memorandum in support of the jurisdictional amount in controversy, Defendant argues that under Louisiana Code of Civil Procedure article 893, Plaintiff failed to

---

[14] *Id.* at 2.

[15] *Id.*

[16] *Id.* (citing 28 U.S.C. § 1441(b)(1)).

[17] *Id.* at 3.

[18] *Id.* (citing Rec. Doc. 1-1 at 1).

[19] *Id.*

[20] *Id.*

include a general allegation in his original petition that the value of his claim is less than the amount required for federal diversity jurisdiction.[21] Defendant asserts that this failure alone stands as evidence that the amount in controversy exceeded $75,000 at the time of removal.[22] Defendant represents that Plaintiff alleges injuries to his neck, back, head, and other parts of his body and seeks damages for pain and suffering, mental anguish, and loss of enjoyment of life and medical expenses.[23] Defendant argues that it is facially apparent that Plaintiff's injuries exceed $75,000 and that the Fifth Circuit has found the amount in controversy requirement to be met in cases where plaintiffs had alleged injuries similar to Plaintiff's alleged injuries in this case.[24] Defendant also contends that it indicated to Plaintiff's counsel that it would consent to remand if Plaintiff stipulated that damages did not exceed $75,000 but that Plaintiff refused to stipulate.[25] Finally, Defendant asserts that the Court should allow limited discovery related to the amount in controversy before issuing a final decision on jurisdiction.[26]

**C.** ***Plaintiff's Arguments in Support of the Motion to Remand***

In his motion to remand, Plaintiff argues that the amount in controversy requirement for diversity jurisdiction is unmet in this case and that the Court lack subject matter jurisdiction as a result.[27] Plaintiff asserts that the amount in controversy does not exceed $75,000 and that

---

[21] Rec. Doc. 6 at 3.

[22] *Id.*

[23] *Id.* at 4.

[24] *Id.* (citing *Hernandez v. USA Hosts, Ltd.*, 418 Fed. App'x 293 (5th Cir. 2011); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 881 (5th Cir. 2000)).

[25] *Id.* at 6.

[26] *Id.* at 7.

[27] Rec. Doc. 8-2 at 1.

"Defendants' mere recitation of [Plaintiff's] Petition for Damages does not demonstrate that the amount in controversy exceeds $75,000."[28] Furthermore, Plaintiff asserts that it is not apparent from the face of the petition that his claims exceed $75,000.[29]

Plaintiff contends that the Fifth Circuit requires a defendant seeking removal to federal court to prove the amount in controversy by either demonstrating that the claims are likely above $75,000 or by setting forth the facts in controversy that support a finding of the requisite amount.[30] Here, Plaintiff argues, Defendants have failed to do either.[31]  According to Plaintiff, his allegations of general pain and suffering and his short list of physical injuries are insufficient on their face to meet the Fifth Circuit's "facially apparent" standard, because "they lack any objectively quantifiable element."[32]

Plaintiff contends that there is no presumption in favor of federal jurisdiction under any circumstances, as Defendant suggests.[33]  According to Plaintiff, Defendant is correct that specific monetary damages shall be included in the prayer for relief if necessary to establish a lack of federal jurisdiction.[34]  However, Plaintiff argues, the burden of proving federal jurisdiction rests with the party seeking it, and that burden is not satisfied merely by filing a notice of removal.[35]

---

[28] *Id.* at 2 (citing Rec. Doc. 1 at 2).

[29] *Id.* at 3.

[30] *Id.* at 2 (citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000)).

[31] *Id.*

[32] *Id.* at 4.

[33] *Id.* (citing Rec. Doc. 1 at 2).

[34] *Id.* (citing La. Code Civ. P. art. 893(A)(1)).

[35] *Id.* at 4 (citing *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936)).

5

Plaintiff next argues that he never refused to stipulate to damages post removal.[36] Even if he had refused to do so, however, Plaintiff argues that a stipulation as to the amount in controversy made after removal is irrelevant to a determination of the amount in controversy at the time of removal.[37] Defendant, Plaintiff argues, improperly submits evidence related to a conversation regarding Plaintiff's willingness to stipulate to damages, which took place two days after removal.[38]

Finally, Plaintiff argues that he is entitled to costs and actual expenses, including attorney's fees.[39] Plaintiff argues that the Court may award just costs and actual expenses if it finds that the removing party lacked an objectively reasonable basis for removal.[40] Here, Plaintiff argues, Defendants have misinterpreted Fifth Circuit jurisprudence to assert a presumption in favor of a finding that the jurisdictional amount in controversy is met, but no such presumption exists.[41] According to Plaintiff, Defendant's misplaced reliance on a non-existent legal theory, failure to carry the burden of proof, and the submission of irrelevant evidence all render Defendants' attempt to remove the case improper, and attorney's fees and costs are warranted.[42]

## C.    *Defendant's Arguments in Opposition to Remand*

In its opposition to Plaintiff's motion to remand, Defendant argues that Plaintiff's state

---

[36] *Id.* at 5.

[37] *Id.*

[38] *Id.*

[39] *Id.* at 6.

[40] *Id.* (citing *Howard v. St. Germain*, 599 F.3d 455, 457 (5th Cir. 2010)).

[41] *Id.*

[42] *Id.*

court petition does not include any general allegation to establish the lack of federal jurisdiction due to insufficiency of damages as "required" by Louisiana Code of Civil Procedure Article 893.[43] Defendant asserts that the lack of such an allegation is an important consideration supporting an amount in controversy in excess of $75,000.[44] Defendant further asserts that district courts in Louisiana have determined that jurisdiction exists where a plaintiff did not include such an allegation.[45]

Defendant next asserts that Plaintiff's case is analogous to other decisions where federal jurisdiction was found.[46] Defendant avers that, although Plaintiff asserts that Defendant misrepresents the conversation regarding stipulation of damages between Defendant and Plaintiff's counsel, Plaintiff does not provide an explanation as to how the conversation differed.[47] Moreover, Defendant argues that despite Plaintiff's arguments to the contrary, a plaintiff's post-removal refusal to stipulate that his damages do not exceed $75,000 constitutes evidence that the true amount in controversy exceeds the amount required for diversity jurisdiction.[48] Finally, Defendant argues that an award of costs and expenses must be denied, because attorney's fees should only be awarded where the removing party lacked an objectively unreasonable basis for

---

[43] Rec. Doc. 11 at 3 (citing La. Code Civ. P. art. 893(A)(1)).

[44] *Id.*

[45] *Id.* at 3–4 (citing *Bruce v. Fisher*, No. 06-0840, 2006 WL 2505908, at * 1 (W.D. La. July 13, 2006); *Treqkina Bannister v. ACE American Ins. Co., et al.*, No. 16-2830, 2016 WL 2347861, at 2 n.1 (E.D. La. May 4, 2016)).

[46] *Id.* at 5 (citing *Hernandez v. USA Hosts, Ltd.; Gebbia v. Wal-Mart Stores, Inc.*).

[47] *Id.* at 6.

[48] *Id.* at 6–7 (citing *Broadway v. Wal-Mart Stores, Inc.*, No. 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000)).

seeking removal, which Defendant asserts is not the case here.[49]

### D.    *Defendant's Supplemental Memorandum in Further Opposition to Remand*

In its supplemental memorandum, Defendant represents that the parties agreed to begin conducting discovery in this case and that Plaintiff's written discovery responses indicate that he will not stipulate that the value of his damages is less than $75,000.[50] Defendant also represents that the medical bills that have been produced in discovery thus far total almost $20,000.[51] Defendant asserts that these bills do not include EMS bills, pharmacy bills, or specialist provider bills.[52] Thus, Defendant argues that the records that have been produced "clearly demonstrate" that the amount in controversy exceeds $75,000.[53] According to Defendant, these records combined with Plaintiff's failure to stipulate provide support for a finding of subject matter jurisdiction over this case.[54]

### III. Law and Analysis

### A.    *Legal Standard*

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[55]  A federal court has subject matter jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between

---

[49] *Id.* at 8 (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005)).

[50] Rec. Doc. 20 at 2–3.

[51] *Id.* at 6.

[52] *Id.*

[53] *Id.*

[54] *Id.*

[55] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

citizens of different states."[56] "When removal is based on diversity of citizenship, diversity must exist at the time of removal."[57] The removing party bears the burden of demonstrating that federal jurisdiction exists by a preponderance of the evidence.[58] Subject matter jurisdiction cannot be waived by the parties' conduct or consent.[59] "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[60]

In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[61] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[62] A removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages.[63] When the plaintiff alleges a damages figure in excess of the required amount in

---

[56] 28 U.S.C. § 1332(a)(1).

[57] *Texas Beef Grp. v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000) (citing 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3723 (1998 ed.)).

[58] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[59] *See Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544 (5th Cir. 1991); *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985).

[60] 28 U.S.C. § 1447(c).

[61] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[62] *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[63] *See Allen*, 63 F.3d at 1335.

controversy, "that amount controls if made in good faith."[64] If the plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal.[65]

Nevertheless, Louisiana law ordinarily does not allow a plaintiff to plead a specific amount of damages.[66] When, as here, the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[67] A defendant satisfies this burden either "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[68] The defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeded $75,000.[69]

### B.   Analysis

Motions to remand from a federal district court to a state court are governed by 28 U.S.C. § 1447(c).[70] Section 1447(c) provides, in part: "If at any time before the final judgment it appears

---

[64] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[65] *Id.*

[66] *See* La. Code Civ. P. art. 893.

[67] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also Simon v. Wal-Mart Stores, Inc.*, 193 F.3d at 848, 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335.

[68] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see also Allen*, 63 F.3d at 1335.

[69] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[70] *Thompson v. Acceptance Indem. Ins. Co.*, No. 14-1424, 2014 WL 7369733, at *3 (E.D. La. Dec. 29, 2014) (Brown, J.).

that the district court lacks subject matter jurisdiction, the case shall be remanded."[71]  In his motion, Plaintiff argues that this matter should be remanded back to state court because the amount in controversy requirement was not met at the time of removal.[72]  Plaintiff contends that the amount in controversy is not facially apparent from the petition and there is no presumption in favor of federal jurisdiction as a result of his failure to include a provision in his original petition that his damages total less than $75,000.[73]  Plaintiff also states that his unwillingness to stipulate that his damages total less than $75,000 is irrelevant to the determination of the amount in controversy.[74]  Finally, Plaintiff contends that he is entitled to attorney's fees and costs because Defendants lack an objectively reasonable basis for removal.[75]

        In response, Defendant contends that it is facially apparent from Plaintiff's petition that the amount in controversy requirement is met.[76]  Defendant further argues that Plaintiff's failure to include an allegation that his damages totaled less than $75,000 in his complaint and his refusal to stipulate to the same post-removal stand constitute evidence that the jurisdictional amount in controversy is met.[77]  Defendant also represents that the medical records that have been disclosed during post-removal discovery by Plaintiff thus far total almost $20,000.[78]  According to

---

[71] 28 U.S.C. § 1447(c).

[72] Rec. Doc. 8-2 at 2.

[73] *Id.* at 2–3.

[74] *Id.* at 4–5.

[75] *Id.* at 6.

[76] Rec. Doc. 11 at 5.

[77] *Id.* at 2–3; Rec. Doc. 20 at 3.

[78] Rec. Doc. 20 at 6.

Defendant, fees and costs are not warranted here, because it was not objectively unreasonable for Defendant to seek removal.[79]

The Court first notes that Defendant sought a stipulation from Plaintiff that his damages total less than $75,000 after removal.[80] While the amount in controversy must typically be determined at the time of removal, the Fifth Circuit has held that a post-removal stipulation by a plaintiff may be considered "if the basis for jurisdiction is ambiguous at the time of removal."[81] However, even if Plaintiff's post-removal response is taken into consideration, his failure to stipulate that the damages did not exceed $75,000 is insufficient to establish the amount in controversy requirement. As the Court stated *supra*, subject matter jurisdiction cannot be waived by the parties' conduct or consent.[82] Thus, while the Court will consider Plaintiff's refusal to stipulate that damages do not exceed $75,000 as one factor in its jurisdictional analysis, it is not conclusive evidence that Plaintiff's claims meet the amount in controversy requirement.[83]

Defendant also offers Plaintiff's medical records as evidence that this Court has subject matter jurisdiction. The Court notes that many of the medical records dated after the removal of

---

[79] Rec. Doc. 11 at 8.

[80] *See* Rec. Doc. 6 at 6.

[81] *Thompson v. Acceptance Indem. Ins. Co.*, No. 14-1424, 2014 WL 7369733, at *5 (E.D. La. Dec. 29, 2014) (Brown, J.) (citations omitted); *see De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1406 (5th Cir. 1995) ("Post-removal affidavits sometimes can be relevant where the jurisdictional amount question is unresolved").

[82] *See Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544 (5th Cir. 1991); *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985).

[83] *See Aldrich v. DBP Holding Corp.*, No. 13-5729, 2014 WL 2215707 (E.D. La. May 28, 2014) (Brown, J.) (plaintiff's failure to stipulate damages "is not conclusive evidence that a claim exceeds $75,000"); *see also Carbajal v. Caskids Oil Operating Co.*, No. 05-5966, 2006 WL 1030392 (E.D. La. Apr. 18, 2006) (Africk, J.); *Buchana v. Wal-Mart Stores, Inc.*, No. 99-2783, 1999 WL 1044336 at *3 (E.D. La. Nov. 17, 1999) (Vance, J.) ("Although some courts have considered failure to stipulate in deciding whether to remand, courts in this district and others have found that that factor alone does not satisfy a defendant's burden.").

this action.[84] Even taking into account all the medical records offered, Defendant's evidence does not suggest that the amount in controversy exceeds $75,000. The medical bills filed into the record by Defendant total less than $20,000.[85] Furthermore, the medical records indicate that Plaintiff's physician recommended "conservative treatment" prior to removal, and the evidence does not suggest that that he will require surgery for his injuries.[86] While the records submitted by Defendant indicate that Plaintiff has undergone additional medical appointments and tests, Defendant does not provide any evidentiary support that the expenses of these medical treatments exceeded $75,000 at the time of removal. Nor does Defendant provide any evidence of what additional costs may be incurred in the amount of damages for pain and suffering, mental anguish, and loss of enjoyment of life, or any other quantifiable damages alleged by Plaintiff.

The Court notes that Defendant cites to two cases that it claims are similar to the instant case where the amount in controversy was found to be met.[87] However, this case is distinguishable from those cases. In *Hernandez v. USA Hosts, Ltd.*, the Fifth Circuit upheld a district court's finding that it had subject matter jurisdiction over a plaintiff's claims where the plaintiff alleged "serious personal injuries to her back, knees, shoulder, and body as a whole, including but not limited to the aggravation of pre-existing conditions, which have caused substantial physical pain and suffering; mental anguish; emotional distress, medical expenses; loss of enjoyment of life; lost

---

[84] *See* Rec. Doc. 20-2 at 65–85.

[85] Rec. Doc. 20 at 6; Rec. Doc. 20-2.

[86] *See* Rec. Doc. 20-2 at 62 (March 2015 report of treating physician recommending continuation of conservative treatment in addition to receiving an orthopedic or neurosurgical consult).

[87] Rec. Doc. 6 at 4–5 (citing *Hernandez v. USA Hosts, Ltd.*, 418 Fed. App'x 293 (5th Cir. 2011); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000)).

wages; property damages; and other elements of damages which will be demonstrated at trial of this matter."[88] Unlike the *Hernandez* petition, Plaintiff's petition does not include allegations of injury to his "body as a whole," nor does it include claims for aggravation of pre-existing conditions, lost wages, or property damages.[89]

In the second case cited by Defendant, *Gebbia v. Wal-Mart Stores, Inc.*, the Fifth Circuit upheld a district court's finding of subject matter jurisdiction where the plaintiff alleged damages for "medical expenses physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement."[90] Here, unlike the plaintiff in *Gebbia*, Plaintiff does not seek damages for loss of wages and earning capacity or for permanent disability and disfigurement.[91] Because the plaintiffs' alleged damages in *Hernandez* and *Gebbia* are readily distinguishable from Plaintiff's damages allegations in this case, the Court finds that neither of the decisions cited by Defendant indicate that the jurisdictional amount in controversy is facially apparent from Plaintiff's petition.

The burden is on the party asserting federal jurisdiction to set forth specific facts that prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[92] Here, the damages in this case are too speculative for the Court to find that they satisfy the amount in controversy requirement. Although the categories of damages that Plaintiff lists could potentially

---

[88] 418 Fed. App'x 293, 295 (5th Cir. 2011).

[89] Rec. Doc. 1 at 4.

[90] 233 F.3d 880, 881 (5th Cir. 2011).

[91] Rec. Doc. 1 at 4.

[92] *Gebbia*, 233 F.3d at 882; *see also Simon v. Wal-Mart Stores, Inc.*, 193 F.3d at 848, 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335.

bring the total amount of damages to over $75,000, the Fifth Circuit has explained that "[a] 'could well' standard sounds more like a 'possibility' standard of proof, rather than a 'more likely or not' standard."[93] Considering all of the evidence of the amount in controversy at the time the Notice of Removal was filed, Defendant has put forth insufficient evidence to demonstrate by a preponderance of the evidence that Plaintiff's claims, if proven, would be worth an amount in excess of $75,000.

Finally, Plaintiff argues that he is entitled to fees and costs, because "Defendants in the case at bar have misread the law."[94] Plaintiff contends that Defendant interpreted Fifth Circuit jurisprudence to create a presumption in favor of a finding that an amount in controversy meets the threshold for diversity jurisdiction even though no such presumption exists.[95] Defendant argues that it had an objectively reasonable basis for seeking removal and that fees and costs are therefore inappropriate.[96]

Pursuant to 28 U.S.C. § 1447(c), "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The decision to award attorney's fees under Section 1447(c) is in the sound discretion of the Court, and should "recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied."[97]

---

[93] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995).

[94] Rec. Doc. 8-2 at 6.

[95] *Id.*

[96] Rec. Doc. 11 at 9.

[97] *Darville v. Tidewater Marine Serv., Inc.*, No. 15-6441, 2016 WL 1402837, at *8 (E.D. La. Apr. 11, 2016)

Toward that end, the "mere determination that removal was improper" does not automatically entitle a plaintiff to an award of fees.[98] Rather, in the absence of "unusual circumstances," this Court may award attorney's fees under Section 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal."[99]

The Court has found Defendant's arguments in support of removal unavailing. However, a party's mere advancement of unsuccessful arguments in support of removal does not warrant the imposition of attorney's fees.[100] Plaintiff does assert that Defendant lacked an objectively reasonable basis for seeking removal by comparing Defendant to the defendant in *Howard v. St. Germain*.[101] However, that case did not involve a dispute regarding the amount in controversy. Rather, in *Howard*, an attorney-defendant attempted to remove a defamation action based on federal question jurisdiction arguing that he constituted an "officer of the court" under 28 U.S.C. § 1442 despite long-established precedent to the contrary.[102] The Fifth Circuit upheld the district court's granting of fees, recognizing the baseless nature of the defendant's arguments for removal.[103] Here, although the Court has found that Defendant has not presented sufficient evidence to establish that the amount in controversy was met at the time of removal, it does not find that it lacked an objectively reasonable basis for seeking removal. Moreover, Plaintiff does

---

(Brown, J.) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005)).

[98] *Id.* (citing *Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 541–42 (5th Cir. 2012)).

[99] *Id.*

[100] *Id.*

[101] Rec. Doc. 8-2 at 6 (citing 599 F.3d 455, 457 (5th Cir. 2010)).

[102] 599 F.3d at 457.

[103] *Id.*

not argue Defendant removed this action in order to "prolong[] litigation and impos[e] costs."[104] Therefore, although the Court will remand the instant action to state court, it will not award attorneys' fees or costs here.

### IV. Conclusion

Based on the foregoing, the Court finds that Defendant has failed to carry its burden of proving by a preponderance of the evidence that the amount in controversy in this matter exceeded $75,000 at the time of removal. Because this Court lacks subject matter jurisdiction in this case, remand to state court is appropriate. Because the Court finds that Defendant did not lack an objectively reasonable basis for removal, it will not award attorneys' fees or costs. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion to Remand"[105] is **GRANTED IN PART** to the extent that the case is remanded to state court and **DENIED IN PART** to the extent that Plaintiff requests an award for costs and expenses, including attorney's fees.

**IT IS FURTHER ORDERED** that the case is remanded to the Civil District Court for Parish of Orleans, State of Louisiana.

**NEW ORLEANS, LOUISIANA**, this __25th__ day of January, 2017.

_Nannette Jolivette Brown_
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[104] *Martin*, 546 U.S. at 141.

[105] Rec. Doc. 8.